

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,516-03

**EX PARTE STEVEN DOUGLAS HAND, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 725741-B IN THE 183RD DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of capital murder and sentenced to imprisonment for life.

Applicant alleges, among other things, that he was denied the effective assistance of counsel during the juvenile certification proceedings. Specifically, he contends that counsel failed to gather and present readily available evidence that favored retaining jurisdiction in the juvenile court. This allegation includes facts which, if true, might entitle Applicant to relief. *See* Tex. Fam. Code § 54.02(a), (f); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114,

115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel who represented Applicant during the juvenile certification proceedings to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

Further, it appears that the record has been forwarded to this Court while proceedings are ongoing in the trial court. On June 19, 2018, the trial court signed the State's proposed order designating issues.[1] On February 9, 2019, the trial court signed the State's proposed findings of fact, conclusions of law, and order, recommending the dismissal of the application for failing to comply with TEX. R. APP. P. 73.1(d) and ordering the district clerk to transmit the record to this Court.

On February 11, 2019, the trial judge signed an order granting habeas counsel an opportunity to inspect the juvenile transfer proceeding records related to this case. On February 13, 2019, the judge signed an order concerning counsel's motion to amend the application. In March 2019, the record was forwarded to this Court by the district clerk pursuant to TEX. R. APP. P. 73.4(b). On April 5, 2019, habeas counsel filed with this Court a motion to remand the case to the trial court for further proceedings. The record contains no indication that habeas counsel has had an opportunity to complete his review of the juvenile transfer records or to amend the application.

It appears that Applicant is represented by counsel. However, if the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel. If Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If Applicant

---

[1] This order found, in relevant part, that the issue of whether Applicant was denied effective assistance of counsel during the juvenile certification proceedings required resolution.

is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

We remand this application to the 183rd District Court of Harris County to allow the trial judge to complete an evidentiary investigation and enter supplemental findings of fact and conclusions of law. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's counsel during the juvenile transfer proceedings was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of this application. This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 60 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 12, 2019
Do not publish